Pedro Sanabria Rosario y Júlia Cruz Santiago, recurrentes, v. El Registrador de la Propiedad de Mayagüez, recurrido.

No. 878.—*Sometido:* Abril 3, 1933. *Resuelto:* Junio 20, 1933.

*Samuel R. Quiñones,* abogado de los recurrentes; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El Registrador de Mayagüez se negó a inscribir la cancelación de una hipoteca basándose en que el supuesto apoderado que presentó la escritura de cancelación no tenía autoridad específica para hacerla. Examinando la escritura de poder notamos que la misma contiene estas palabras (traducción y puntuación nuestras):

"7. Requerir, demandar judicialmente, exigir el pago, recibir y otorgar recibos eficaces y cartas de pago por cualesquiera sumas de dinero, garantías de deudas pecuniarias, efectos y bienes mue-

bles pertenecientes en la actualidad o que pertenezcan o correspondan en el futuro a la compañía, o que cualquier persona, personas o corporación adeude, pague o transfiera a la compañía.

"	*	*	*	*	*	*	*

"10. Otorgar, suscribir, celebrar, reconocer, perfeccionar y expedir cualesquiera escrituras, convenios, declaraciones, documentos, actos y operaciones que sean necesarias en relación con todos o cualquiera de los fines o asuntos antes descritos, incluyendo cualesquiera actos y operaciones que sean necesarios para inscribir, anotar, o en alguna otra forma completar y dar validez a los mismos."

Un mero examen de estos dos párrafos nos convence que fué la intención palmaria de las partes conceder autoridad específica al apoderado para otorgar una escritura de cancelación y para tal objeto no era necesario considerar particularmente el alegato del recurrente. La intención general de la escritura de poder fué conceder una comisión expresa conforme lo dispone el artículo 1604 del Código Civil, edición de 1930.

Sin embargo, el recurrente radicó un alegato en que cita autoridades que tienden a demostrar claramente que la palabra *"discharge"* equivalía a la palabra *"cancel"* o *"release"*. No tenemos dudas de las autoridades citadas.

El registrador además solicita la desestimación del recurso fundándose en que el recurrente de conformidad con la ley debió haber radicado su alegato en determinada fecha y no lo hizo así. En realidad el recurrente solicitó y obtuvo ante esta corte prórrogas para radicar su alegato. Es cierto que estas prórrogas o algunas de ellas no fueron notificadas al registrador, mas no hallamos que sea necesario hacerlo así. El alegato en sí fué notificado al registrador.

Es verdad que un recurso gubernativo no equivale estrictamente al ejercicio de jurisdicción dentro del poder judicial de una corte. Es una jurisdicción especial conferida por la Legislatura a la Corte Suprema de Puerto Rico. Por consiguiente, cuando la Legislatura confirió a esta corte jurisdicción para conocer de recursos gubernativos, también le confirió necesariamente el poder para conceder prórrogas.

Una vez se creyó que el término en un procedimiento de desahucio para la segunda comparecencia era "fatal", mas esta corte resolvió que ese término podía ser prorrogado. *Mas et al. v. Borinquen Sugar Company*, 18 D. P. R. 304.

*Debe revocarse la nota del registrador e incribirse la escritura de cancelación.*